Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

Christine W., appellant, v.
Trevor W., appellee.
___ N.W.2d ___

Filed May 24, 2019.    No. S-18-922.

1. **Jurisdiction: Statutes.** Subject matter jurisdiction and statutory interpretation present questions of law.
2. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.
3. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.
4. **Statutes.** Statutory language is to be given its plain and ordinary meaning.
5. **Legislature: Intent.** The intent of the Legislature is expressed by omission as well as by inclusion.
6. **Juvenile Courts: Statutes: Jurisdiction.** A juvenile court is a statutorily created court of limited and special jurisdiction, and it has only the authority which the statutes confer on it.
7. **Courts: Juvenile Courts: Jurisdiction: Parental Rights.** A juvenile court lacks statutory authority under Neb. Rev. Stat. § 42-364(5) (Cum. Supp. 2018) to transfer a proceeding back to the district court where: (1) The district court, having subject matter jurisdiction of a modification proceeding under § 42-364(6) in which termination of parental rights has been placed in issue and having personal jurisdiction of the parties to that proceeding, has transferred jurisdiction of the proceeding to the appropriate juvenile court; (2) termination of parental rights remains in issue and unadjudicated in the transferred proceeding; (3) the State is not involved in the proceeding and has not otherwise asserted jurisdiction over the child or children involved in the modification proceeding; and (4) the juvenile court has not otherwise been deprived of jurisdiction.

Appeal from the County Court for Washington County, C. Matthew Samuelson, Judge, on transfer thereto from the District Court for Washington County, John E. Samson, Judge. Judgment of County Court vacated and remanded.

Scott V. Hahn, of Hightower Reff Law, and, on brief, Tosha Rae D. Heavican for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

After Trevor W. commenced a modification proceeding in the district court, Christine W. counterclaimed to terminate Trevor's parental rights and obtained an order transferring the proceeding to the county court, sitting as a juvenile court. But when the proceeding reached the juvenile court, it "denie[d]" the transfer and purportedly returned the proceeding to district court. Christine appeals from the juvenile court's order. Because the juvenile court's order purporting to transfer the proceeding back to district court was beyond the juvenile court's statutory authority and void, we vacate that order and remand the cause to the juvenile court for further proceedings consistent with this opinion.

## BACKGROUND

### Statutory Framework

In order to understand the procedural background of this appeal, the reader needs some familiarity with the statutes concerning jurisdiction of trial courts over the matters at issue: modification of a parenting plan and termination of parental rights. Before setting forth the specific statute controlling the transfer from district court to juvenile court of a proceeding where termination of parental rights has been placed in issue,

we begin by recalling statutes identifying the authority of district, county, and juvenile courts over such matters. We then summarize the specific statute addressing transfer or retention of a district court proceeding where termination of parental rights has been placed in issue.

Under Nebraska's marital dissolution, separation, annulment, custody, and support statutes,[1] a proceeding is commenced by filing a "complaint" in the district court.[2] Consequently, dissolution and custody proceedings begin in the district court.

But another statute[3] authorizes "domestic relations matters,"[4] which includes dissolution and custody proceedings, to be heard by a district court judge or a county court judge.[5] Consistent with that other statute, the statute governing commencement of a marital dissolution and custody proceeding authorizes the proceeding to be heard "by the county court or the district court as provided in section 25-2740."[6]

Despite the procedure allowing selection of a county court judge in a domestic relations matter, the matter remains as a district court proceeding and achieves the same finality as a district court judgment. According to § 25-2740(2), the party shall state in the complaint whether he or she wants the proceeding to be heard by a district court judge or by a county court judge. If the party requests a county court judge, "the county court judge assigned to hear cases in the county in which the matter is filed at the time of the hearing is deemed appointed by the district court and the consent of the county court judge is not required."[7] Where the proceeding is heard by a county court

---

[1] Neb. Rev. Stat. §§ 42-347 to 42-381 (Reissue 2016 & Cum. Supp. 2018).

[2] § 42-352.

[3] Neb. Rev. Stat. § 25-2740 (Cum. Supp. 2018).

[4] See § 25-2740(1)(a) (defining "[d]omestic relations matters").

[5] § 25-2740(2).

[6] § 42-352.

[7] § 25-2740(2).

judge, it is "considered a district court proceeding" and "an order or judgment of the county court in a domestic relations matter has the force and effect of a district court judgment."[8]

Section 42-364(6) authorizes modification proceedings relating to support, custody, parenting time, visitation, other access, or removal of children from the jurisdiction of the court. A proceeding to modify a parenting plan is "commenced by filing a complaint to modify."[9] Under §§ 42-348 and 42-351(1), a district court has jurisdiction to adjudicate such actions. But under § 42-348, marital dissolution and custody proceedings "may be transferred to a separate juvenile court or county court sitting as a juvenile court which has acquired jurisdiction pursuant to section 43-2,113."

Neb. Rev. Stat. § 43-2,113(2) (Cum. Supp. 2018) provides that a juvenile court "shall have and exercise jurisdiction . . . with the county court and district court in all matters arising under Chapter 42, article 3, when the care, support, custody, or control of minor children under the age of eighteen years is involved." The statute dictates, "Such cases shall be filed in the county court and district court and may, with the consent of the juvenile judge, be transferred to the trial docket of the separate juvenile court or county court."[10]

Most proceedings seeking termination of parental rights fall within the jurisdiction of the juvenile courts.[11] Such jurisdiction is concurrent with the county court or district court.[12]

With this general framework in mind, we now recite the statute governing retention or transfer of a proceeding where termination of parental rights has been placed in issue—which is the situation in the proceeding before us.

---

[8] *Id.*

[9] § 42-364(6).

[10] § 43-2,113(2).

[11] Neb. Rev. Stat. § 43-247(6) (Reissue 2016).

[12] See Neb. Rev. Stat. § 43-246.01(3)(b) (Reissue 2016).

Section 42-364(5) states:

> Whenever termination of parental rights is placed in issue the court shall transfer jurisdiction to a juvenile court established pursuant to the Nebraska Juvenile Code unless a showing is made that the county court or district court is a more appropriate forum. In making such determination, the court may consider such factors as cost to the parties, undue delay, congestion of trial dockets, and relative resources available for investigative and supervisory assistance. A determination that the county court or district court is a more appropriate forum shall not be a final order for the purpose of enabling an appeal. If no such transfer is made, the court shall conduct the termination of parental rights proceeding as provided in the Nebraska Juvenile Code.

Thus, when termination of parental rights is placed in issue in a district court dissolution and custody modification proceeding, the district court is required to transfer jurisdiction to a juvenile court unless the district court concludes that it is the more appropriate forum.

Although this court[13] and the Nebraska Court of Appeals[14] have only occasionally reviewed proceedings to terminate parental rights which were retained and actually adjudicated in district court, the statutes authorize a district court to do so. Often, the decision to do so may turn on the "relative resources available for investigative and supervisory assistance."[15] Typically, a district court will conclude that where termination

---

[13] See, e.g., *Kenneth C. v. Lacie H.*, 286 Neb. 799, 839 N.W.2d 305 (2013); *R.D.N. v. T.N.*, 218 Neb. 830, 359 N.W.2d 777 (1984), *disapproved on other grounds, Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002).

[14] See, e.g., *Timothy T. v. Shireen T.*, 16 Neb. App. 142, 741 N.W.2d 452 (2007); *Worm v. Worm*, 6 Neb. App. 241, 573 N.W.2d 148 (1997); *Joyce S. v. Frank S.*, 6 Neb. App. 23, 571 N.W.2d 801 (1997), *disapproved on other grounds, Betz v. Betz*, 254 Neb. 341, 575 N.W.2d 406 (1998).

[15] § 42-364(5).

of parental rights has been placed in issue, the proceeding should be transferred to the juvenile court under § 42-364(5). With that understanding in place, we turn to the circumstances presented here.

### Dissolution of Marriage

The parties are the biological parents of a child born in 2009. In a 2012 decree, the Washington County District Court dissolved the parties' marriage. The decree included a parenting plan. The district court's decree awarded Christine legal and physical custody of the child and provided Trevor with regular parenting time.

### Requests for Modification
### and Termination

In 2018, Trevor filed in the district court a "motion" to modify the parenting plan. His motion noted that he was "incarcerated" and requested, among other things, at least one 30-minute telephone call per week and two visits per month.

Christine responded by filing a counterclaim for termination of Trevor's parental rights under § 43-247(6) and Neb. Rev. Stat. § 43-292(1), (2), and (9) (Reissue 2016). She alleged that in May 2014, the Washington County District Court sentenced Trevor to 25 to 35 years' incarceration following a conviction for four counts of sexual assault in the first degree. Alternatively, Christine asked that the court modify the decree and parenting plan to provide for "no court-ordered parenting time or contact" between Trevor and the child.

### Motion to Transfer Jurisdiction

Shortly after a hearing in which the district court expressed doubt that it had jurisdiction to terminate parental rights, Christine moved to transfer "jurisdiction of the above-captioned matter" to the county court for Washington County, acting as a juvenile court. The district court held a hearing on the motion, during which Trevor stated that he had no objection to it. The district court thereafter entered an order transferring the case

to the juvenile court "for all issues pertaining to the minor child herein." The order recited that the juvenile court had consented to the transfer of jurisdiction to juvenile court.

Approximately 2 months later, the juvenile court entered a "Transfer Order," stating that it "does not accept said transfer for lack of subject matter jurisdiction." The order was filed in the district court proceeding and acknowledged that the court had earlier consented to the transfer. But the court stated that it lacked jurisdiction based "upon further review of case law and Neb. Rev. Stat. [§] 43-292.02."

Neb. Rev. Stat. § 43-292.02 (Cum. Supp. 2018) provides:

(1) A petition shall be filed on behalf of the state to terminate the parental rights of the juvenile's parents or, if such a petition has been filed by another party, the state shall join as a party to the petition, and the state shall concurrently identify, recruit, process, and approve a qualified family for an adoption of the juvenile, if:

(a) A juvenile has been in foster care under the responsibility of the state for fifteen or more months of the most recent twenty-two months; or

(b) A court of competent jurisdiction has determined the juvenile to be an abandoned infant or has made a determination that the parent has committed murder of another child of the parent, committed voluntary manslaughter of another child of the parent, aided or abetted, attempted, conspired, or solicited to commit murder, or aided or abetted voluntary manslaughter of the juvenile or another child of the parent, or committed a felony assault that has resulted in serious bodily injury to the juvenile or another minor child of the parent. For purposes of this subdivision, infant means a child eighteen months of age or younger.

(2) A petition shall not be filed on behalf of the state to terminate the parental rights of the juvenile's parents or, if such a petition has been filed by another party, the state shall not join as a party to the petition if the sole factual

basis for the petition is that (a) the parent or parents of the juvenile are financially unable to provide health care for the juvenile or (b) the parent or parents of the juvenile are incarcerated. The fact that a qualified family for an adoption of the juvenile has been identified, recruited, processed, and approved shall have no bearing on whether parental rights shall be terminated.

(3) The petition is not required to be filed on behalf of the state or if a petition is filed the state shall not be required to join in a petition to terminate parental rights or to concurrently find a qualified family to adopt the juvenile under this section if:

(a) The child is being cared for by a relative;

(b) The Department of Health and Human Services has documented in the case plan or permanency plan, which shall be available for court review, a compelling reason for determining that filing such a petition would not be in the best interests of the juvenile; or

(c) The family of the juvenile has not had a reasonable opportunity to avail themselves of the services deemed necessary in the case plan or permanency plan approved by the court if reasonable efforts to preserve and reunify the family are required under section 43-283.01.

(4) Except as otherwise provided in the Nebraska Indian Child Welfare Act, if a child is conceived by the victim of a sexual assault, a petition for termination of parental rights of the perpetrator shall be granted if such termination is in the best interests of the child and (a) the perpetrator has been convicted of or pled guilty or nolo contendere to sexual assault of the child's birth parent under section 28-319 or 28-320 or a law in another juris-diction similar to either section 28-319 or 28-320 or (b) the perpetrator has fathered the child or given birth to the child as a result of such sexual assault.

Section 43-292.02 has four main subsections. Generally, each main subsection has a distinct purpose. Subsection (1)

generally establishes circumstances where the State has a duty to seek termination of parental rights. Subsection (2) specifies circumstances where, despite the command of subsection (1), the State shall not seek termination. Subsection (3) identifies situations excusing the State from the mandate of subsection (1). And subsection (4) mandates termination of parental rights in particular circumstances not present here.

In transferring the case back to district court, the juvenile court apparently relied on § 43-292.02(3). The court explained, "In review of [§] 43-292.02(3)([a]), the Court is of the opinion that either [subs]ection (b) or (c) of [§] 43-292.02 must be complied with in conjunction with (3)([a]) of said statute in order to proceed to terminate a parent's parental rights." The order does not cite any particular case law, and it is not clear how or why the juvenile court arrived at this conclusion, particularly given that the State has not been involved in this proceeding in any way. The juvenile court then stated that because it did not believe the statute had been followed, it was transferring the case back to the district court "for further consideration."

Eight days later, Christine filed a notice of appeal in the district court proceeding. We moved the appeal to our docket.[16]

## ASSIGNMENT OF ERROR

Christine assigns that the juvenile court erred in denying subject matter jurisdiction based on its application of § 43-292.02(3).

## STANDARD OF REVIEW

[1] Subject matter jurisdiction and statutory interpretation present questions of law.[17]

## ANALYSIS

[2,3] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to

---

[16] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[17] *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016).

which the proceedings in question belong and to deal with the general subject matter involved.[18] Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[19] Here, the juvenile court determined sua sponte that it lacked subject matter jurisdiction.

The juvenile court's conclusion is puzzling, because a clear statutory path seems to dictate otherwise. First, reading § 43-246.01(3)(b) together with § 43-247(6), juvenile courts have concurrent original jurisdiction over "proceedings for termination of parental rights." Second, the district court for Washington County had subject matter jurisdiction of a proceeding seeking to modify a dissolution decree previously entered by that court.[20] Trevor invoked this jurisdiction by filing his complaint to modify (styled as a motion). Christine did likewise by her filings styled as a counterclaim and an amended counterclaim. Third, the district court had personal jurisdiction of the parties to the modification proceeding, who both appeared voluntarily.[21] The juvenile court's order does not dispute the district court's jurisdiction of the modification proceeding or that termination of parental rights was placed in issue in that proceeding. Fourth, the district court transferred jurisdiction to the county court for Washington County, sitting as a juvenile court, pursuant to § 42-364(5). Under the Nebraska Juvenile Code[22] as applied to Washington County, a "[j]uvenile court" means "the county court sitting as a juvenile court."[23] Thus, the jurisdictional path ran from the district court to the juvenile court.

Despite the juvenile court's reasoning that it lacked subject matter jurisdiction because of § 43-292.02, the juvenile court

---

[18] *Id.*

[19] *Id.*

[20] See §§ 42-351(1) and 42-364(6).

[21] See § 42-355.

[22] Neb. Rev. Stat. §§ 43-245 to 43-2,129 (Reissue 2016 & Cum. Supp. 2018).

[23] § 43-245(12).

did not dismiss the proceeding. Instead, it purported to transfer the matter back to the district court. In doing so, it exceeded its statutory authority under § 42-364(5).

[4,5] Statutory language is to be given its plain and ordinary meaning.[24] And the intent of the Legislature is expressed by omission as well as by inclusion.[25]

Section 42-364(5) is clear: Where termination of parental rights has been "placed in issue," it empowers a district court (or a county court adjudicating a modification proceeding pursuant to § 25-2740) to "transfer jurisdiction" to a "juvenile court established pursuant to the Nebraska Juvenile Code." Indeed, § 42-364(5) requires the transfer unless the district court concludes that it is the more appropriate forum.

Once jurisdiction has been established in the district court, the transfer to the juvenile court has been made, and termination of parental rights remains in issue, the juvenile court must adjudicate those rights. Section 42-364(5) simply does not authorize a juvenile court to transfer a termination proceeding back to the district court under these circumstances. In doing so, the court exceeded its statutory authority. While there may be circumstances under which authority for a juvenile court to transfer a termination proceeding back to the district court is impliedly authorized under § 42-364(5), they are not present here.

[6] A juvenile court is a statutorily created court of limited and special jurisdiction, and it has only the authority which the statutes confer on it.[26] This applies equally to a county court sitting as a juvenile court.[27]

---

[24] See *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019).

[25] *Donna G. v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 838, 920 N.W.2d 668 (2018).

[26] *In re Interest of Josue G.*, 299 Neb. 784, 910 N.W.2d 159 (2018).

[27] See *In re Interest of Katrina R.*, 281 Neb. 907, 799 N.W.2d 673 (2011).

[7] We hold that a juvenile court lacks statutory authority under § 42-364(5) to transfer a proceeding back to the district court where: (1) The district court, having subject matter jurisdiction of a modification proceeding under § 42-364(6) in which termination of parental rights has been placed in issue and having personal jurisdiction of the parties to that proceeding, has transferred jurisdiction of the proceeding to the appropriate juvenile court; (2) termination of parental rights remains in issue and unadjudicated in the transferred proceeding; (3) the State is not involved in the proceeding and has not otherwise asserted jurisdiction over the child or children involved in the modification proceeding; and (4) the juvenile court has not otherwise been deprived of jurisdiction. That is the situation here. Accordingly, the juvenile court lacked the statutory authority to transfer to the district court a case which had been transferred to the juvenile court under § 42-364(5). The juvenile court's order doing so was void, and we must vacate the void order.

## CONCLUSION

We conclude that the juvenile court acted beyond its statutory authority and that its order, filed in the district court proceeding, was void. We vacate the void order. Because the last order that was not void was the order transferring the proceeding to the juvenile court, that order remains effective but interlocutory. The cause should proceed based upon the district court's order transferring the matter to juvenile court.

In disposing of this appeal, we observe that over a year has elapsed since Trevor filed his motion seeking to modify the parenting time and Christine filed a counterclaim to terminate his parental rights. No relief has been afforded either party. We encourage the juvenile court to focus on the best interests of the child and to move this matter promptly to a final disposition.

VACATED AND REMANDED.