Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/27/2019 12:06 AM CST

In re Estate of Sheila Foxley Radford, deceased.
Provident Trust Company et al., appellees,
v. Mary Radford, appellant.
___ N.W.2d ___

Filed October 4, 2019.    No. S-18-863.

1. **Decedents' Estates: Judgments: Appeal and Error.** In the absence of
   an equity question, an appellate court, reviewing probate matters, exam-
   ines for error appearing on the record made in the county court. When
   reviewing a judgment for errors appearing on the record, the inquiry is
   whether the decision conforms to the law, is supported by competent
   evidence, and is neither arbitrary, capricious, nor unreasonable.
2. **Decedents' Estates: Appeal and Error.** The probate court's factual
   findings have the effect of a verdict and will not be set aside unless
   clearly erroneous.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a ques-
   tion of law, for which an appellate court has an obligation to reach an
   independent conclusion irrespective of the decision made by the court
   below.
4. **Statutes.** It is not within the province of a court to read a meaning into
   a statute that is not warranted by the language; neither is it within the
   province of a court to read anything plain, direct, or unambiguous out of
   a statute.
5. ____. A court must attempt to give effect to all parts of a statute, and if
   it can be avoided, no word, clause, or sentence will be rejected as super-
   fluous or meaningless.

Appeal from the County Court for Douglas County:
Stephanie R. Hansen, Judge. Reversed and remanded for fur-
ther proceedings.

Michael J. Decker for appellant.

Robert M. Schartz, Howard J. Kaslow, and M. Tyler Johnson, of Abrahams, Kaslow & Cassman, L.L.P., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik and, Freudenberg, JJ.

Funke, J.

Mary Radford appeals the county court's decision on an application for direction which found that money Sheila Foxley Radford gave Mary prior to Sheila's death was an ademption of Mary's interest in Sheila's trust. On appeal, Mary challenges the application of the ademption statute, Neb. Rev. Stat. § 30-2350 (Reissue 2016), to the trust. Alternatively, Mary claims the court erred in finding it was Sheila's intent to have the money be an ademption of Mary's interest. Mary additionally challenges the determination that an ademption could be made prior to an amendment of the trust and that a document created prior to the amended trust in which Mary acknowledged the money was "inheritance" constituted an ademption. For the reasons stated herein, we reverse, and remand to the county court for further proceedings.

## BACKGROUND

Sheila died testate as a resident of Douglas County, Nebraska, in October 2014. At the time of her death, Sheila had four living children, including Mary, William Radford, Christopher Radford, and Brigid Radford. In 1996, Sheila had executed a "pour-over" will and a trust agreement for the distribution of her assets.

In May 2007, Sheila agreed to provide Mary $200,000 for the purchase of a home. On May 30, Mary signed a handwritten note stating: "This letter acknowledges that Sheila . . . is affording me $200,000 for purchase of a home and is recognized by me as inheritance." On June 11, a wire transfer of $200,000 was processed from Sheila's bank account to Mary's account. Mary alleges it was not her understanding that this payment would be counted against her share of the trust.

In April 2010, Sheila amended and restated her trust. As applicable, Sheila amended the residuary distribution from an equal distribution among her four children to a one-sixth distribution to each of Mary, William, and Christopher and a one-half distribution to Brigid. Sheila additionally updated her will. Neither the updated will nor the amended trust made any mention of the $200,000 transfer from Sheila to Mary.

After Sheila's death, William found the May 30, 2007, note in Sheila's apartment. While the note was not in the box holding Sheila's trust and will documents, it was found in a file also containing a receipt of the wire transfer in a cabinet in which Sheila kept financial papers. These documents were brought to the attention of Provident Trust Company, the trustee of Sheila's trust, who filed an application for direction to determine whether the $200,000 transfer in 2007 should be treated as an advancement of inheritance and counted against Mary's share of the residuary.

The county court held an initial hearing on this application and issued an order. However, we reversed, and remanded for a new hearing because the record was insufficient for appellate review.[1] Following remand, the county court held an additional hearing on the application and issued another order. In this order, the court applied § 30-2350 of the Nebraska Probate Code to the $200,000 payment. The court found that the 2007 note Mary executed satisfied the requirement of § 30-2350 that "the devisee acknowledge[] in a writing contemporaneous with the gift that it is in satisfaction [of the devise]." As such, the payment was an advancement of Mary's inheritance under Sheila's will and trust even though Sheila amended her will and trust after the payment and Mary's note acknowledging the payment. The court valued the gift at $200,000, which was the value at the time of the devise in 2007, and, accordingly, reduced Mary's one-sixth share of the residuary.

---

[1] *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

## ASSIGNMENTS OF ERROR

Mary assigns, restated, that the county court erred by (1) applying § 30-2350 of the Nebraska Probate Code to a trust; (2) finding Sheila intended the $200,000 payment to be treated as an ademption of Mary's interest; (3) finding the payment was an ademption of Mary's interest when the payment was made prior to the trust being amended; and (4) finding that the May 30, 2007, note satisfied the requirements of § 30-2350.

## STANDARD OF REVIEW

[1] In the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court.[2] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[3]

[2] The probate court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous.[4]

[3] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[5]

## ANALYSIS

As an initial matter, we must address whether § 30-2350 is applicable because Sheila utilized a trust for the distribution of her assets. Mary argues that § 30-2350 is inapplicable because Sheila's will devised her assets to her trust and her trust designated Mary's distribution.

Ademption by satisfaction is defined by § 30-2350, which provides in part:

---

[2] *In re Estate of Etmund*, 297 Neb. 455, 900 N.W.2d 536 (2017).

[3] *Id.*

[4] *Id.*

[5] *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016).

Property which a testator gave in his lifetime to a person is treated as a satisfaction of a devise to that person in whole or in part only if the will provides for deduction of the lifetime gift, or the testator declares in a writing contemporaneous with the gift that it is to be deducted from the devise or is in satisfaction of the devise, or the devisee acknowledges in a writing contemporaneous with the gift that it is in satisfaction.

A testator is a maker of a will, and a devise is a testamentary disposition of real or personal property by a will.[6]

In defining a devisee as any person designated in a will to receive a devise, the Nebraska Probate Code addresses the possibility of a will making a distribution to a trust which makes further distributions to beneficiaries of the trust. Specifically, § 30-2209(8) provides that "[i]n the case of a devise to an existing trust or trustee, or to a trustee or trust described by will, the trust or trustee is the devisee and the beneficiaries are not devisees."

Such a distribution scheme is used here. Sheila's will directs that upon her death her assets are to be transferred to her trust. The trust, in turn, provides that the trustee is to use these and any other assets held by the trust to pay certain expenses associated with Sheila's death and distribute the remainder to Sheila's children with a one-sixth distribution to each of Mary, William, and Christopher and a one-half distribution to Brigid. Therefore, under the plain language of § 30-2209(8), Sheila's trust is the devisee as the designated recipient of the assets of the estate and Mary, as a beneficiary of the trust, is not a devisee.

[4,5] As quoted above, § 30-2350 solely uses "devise" and "devisee" to identify an applicable distribution and the applicable party to whom the distribution is made when considering whether ademption by satisfaction applies. It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the

---

[6] Neb. Rev. Stat. § 30-2209(7) and (49) (Reissue 2016).

province of a court to read anything plain, direct, or unambiguous out of a statute.[7] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[8] Accordingly, under its plain language, § 30-2350 provides ademption only for devisees under a will. Because Mary is not a devisee under Sheila's will, the $200,000 payment cannot be a § 30-2350 ademption.

Not only does the plain language of §§ 30-2209(8) and 30-2350 compel this conclusion, it is strengthened by the Legislature's choice not to adopt the model act section that would have incorporated § 30-2350 into the Nebraska Uniform Trust Code.[9] At the time the Nebraska Uniform Trust Code was adopted in 2003,[10] the model act included a section stating that "[t]he rules of construction that apply . . . to the interpretation of and disposition of property by will also apply as appropriate to the interpretation of the terms of a trust and the disposition of the trust property."[11] The intent of the Legislature is expressed by omission as well as by inclusion.[12] Had the Legislature desired to apply § 30-2350 to trusts, it could have adopted § 112 of the model act. But it did not. Nor will we do so by judicial fiat in the guise of statutory interpretation. This leads to Brigid's alternative argument.

Regardless of the applicability of § 30-2350 as written, Brigid argues we should apply the doctrine of ademption by satisfaction to beneficiaries of trusts utilized in estate planning. Brigid argues that Nebraska has long recognized the

---

[7] *JB & Assocs. v. Nebraska Cancer Coalition,* 303 Neb. 855, 932 N.W.2d 71 (2019).

[8] *Id.*

[9] Neb. Rev. Stat. §§ 30-3801 to 30-38,110 (Reissue 2016 & Cum. Supp. 2018).

[10] See § 30-3801.

[11] See Unif. Trust Code § 112, 7C U.L.A. 453 (2006) (model act promulgated in 2000).

[12] *Christine W. v. Trevor W.*, 303 Neb. 245, 928 N.W.2d 398 (2019).

doctrines of advancement and ademption by satisfaction and that because trusts are more commonly being utilized in estate planning schemes, it is necessary to extend the doctrine of ademption by satisfaction to such trusts to align and provide more consistency in the treatment of estate planning.

It is unclear on what authority Brigid is asking to expand ademption to beneficiaries of trusts. Brigid cites § 30-2350 and Neb. Rev. Stat. § 30-2310 (Reissue 2016)—the statute governing advancements in intestate estates—as well as cases applying or discussing prior incarnations of those statutes.[13] We initially note the instant case does not involve a question of advancement because advancements occur when a decedent dies intestate, but Sheila died testate. On expanding the definition of ademption, as discussed above, the applicable language of § 30-2350 and the definitions of its terms in § 30-2209 specifically excludes ademption from applying to the beneficiaries of a devisee trust. The Legislature chose to include the limiting definition in the statute, and we decline to ignore this provision.

Because Mary was a beneficiary under the trust and not a devisee under the will, Sheila's payment of $200,000 to Mary could not constitute an ademption by satisfaction. Accordingly, the county court erred in applying the $200,000 payment against Mary's share under the trust. We reverse, and remand to the county court for further proceedings consistent with this opinion.

## CONCLUSION

The county court erred in finding the payment from Sheila to Mary constituted an ademption of Mary's share under Sheila's trust. We reverse, and remand for further proceedings.

Reversed and remanded for
further proceedings.

---

[13] See, *In re Estate of McFayden*, 235 Neb. 214, 454 N.W.2d 676 (1990); *Lodge v. Fitch*, 72 Neb. 652, 101 N.W. 338 (1904); *Boden v. Mier*, 71 Neb. 191, 98 N.W. 701 (1904).